ROBERTS, Justice.
 This is an appeal by J. R. Hunter, as Director of the State Beverag'e Department, from a final declaratory decree entered upon stipulated facts by the Circuit Court of Dade County. ' The sole point for determination is whether, under the facts, there has been a violation of Section 561.-42(10), Fla.Stat. 1953, F.S.A. The problem is one of interpretation only, since no attack is made upon the constitutionality of the statute.
The facts are these: A retail vendor of alcoholic beverages for consumption on the. premises leased the roof of the licensed premises to an outdoor advertising company. The lease was a standard roof lease and contained no restrictions against the use of the roof for advertising alcoholic beverages. The lease was entered into “in good faith.” The outdoor advertising company, through an advertising agency, contracted for the advertisement of a well-known beer on the sign. The sign contained standard outdoor advertising material used by the beer company for advertising its product throughout the country and did not refer to the retail vendor or mention that the product was sold on the premises. The lower court held that in these circumstances there had been no violation of Section 561.42(10), supra, and we agree.
The statute with which we are here concerned, Section 561.42, Fla.Stat.1953, F.S. A., is generally known as the “Tied house evil” statute. It was originally enacted in 1935, Section 4 of Chapter 16774, Laws of Florida, Acts of 1935, and, in general terms, prohibited a manufacturer or distributor from having a financial interest in the business of a licensed vendor and from assisting such vendors “by any gift, or loan of money or property of any description or by the giving of any rebates of any kind whatsoever.” Vendors were prohibited from accepting, either “directly or indirectly”, such loans or gifts or rebates. It was provided, however, that the prohibitions of the Act should not apply to “any bottles, barrels or other containers necessary for the legitimate transportation of such beverages, or advertising materials, * * *.” In 1943 and 1947, the Legislature amended the statute so as to prohibit the extension of credit to a vendor beyond the periods designated in the amendatory Acts. Chapter 22078, Laws of 1943; Chapter 23746, Laws, of 1947. The 1947 amendatory Act also provided that “The term advertising materials as used in this section shall not include outside signs so located as to be connected with or appertaining to the vendor’s licensed premises.”' F.S.A. § 561;42(9).
Finally, in 1949, by Chapter 25260, also, by an identical provision contained in Chapter 25340, Laws of 1949, the Legislature amended the Act to add what are now Subsections (10), (11) and (12) of Section 561.42, Fla.Stat.1953, F.S.A. By this, amendment the Legislature undertook to regulate more precisely the supplying of advertising materials to a vendor by a manufacturer or distributor. Thus, under Subsections (11) and (12), the vendor is authorized to display, in the interior of his licensed premises, signs or other material advertising a brand of alcoholic beverage sold therein, and the manufacturer or distributor is authorized to supply such advertising material to the vendor. The supplying and displaying of outside signs are regulated by Subsection (10), the section with
*436 which we are here concerned, which provides as follows:
“No manufacturer or distributor of the beverages herein referred to shall directly or indirectly give, lend, rent, sell or in any other manner furnish to a vendor any outside sign, printed, painted, electric, or otherwise; nor shall any vendor display any sign advertising any brand of alcoholic beverages on the outside of his licensed premises or on any lot of ground of which the licensed premises are situate, or on any building of which the licensed premises are a part.”
It will have been noted that the provisions regulating the supplying of advertising materials were engrafted upon the original “Tied house evil” statute, and we think there can be no doubt that they were aimed at controlling and suppressing this evil, just as much as were the earlier provisions of the Act, referred to above. The purpose of such statutory provisions is “to prevent the integration of retail and wholesale outlets and to remove the retail dealer in intoxicating liquors from financial or business obligations to the wholesaler, with the exception of ordinary commercial credit for liquors sold.” 48 C.J.S., Intoxicating Liquors, § 197, p. 329, quoted with approval in Pickerill v. Schott, Fla.1951, 55 So.2d 716. And when viewed in the light of its history and the purpose sought to be attained, it is clear that Subsection (10) of Section 561.42 does not prohibit, per sc, the location of a sign advertising an alcoholic beverage on the outside of a vendor’s premises. The purpose of the Act is to prevent the furnishing of a sign by the wholesaler to the vendor in such manner as to create a financial or business obligation from the vendor to the wholesaler. The very terms of the Act itself are susceptible to no other interpretation. The statute prohibits the manufacturer or distributor from furnishing to a vendor any outside sign, and prohibits the vendor from displaying such a sign. And in the absence of facts showing that the sign has been furnished, either directly or indirectly, by the manufacturer to the vendor, we do not think the statute has been violated.
Here, it is part of the stipulated facts that the lease from the vendor to the outdoor advertising company was entered into “in good faith,” and there is no intimation in the record that the lease was a ruse to evade the prohibition of Section 561.42(10). The sign in question was not furnished to or displayed by the vendor; it was furnished to and displayed by the vendor’s lessee or the advertising agency contracting with such lessee. There was nothing on the sign pointing to the vendor or his establishment; It was neither a “point of purchase” nor an “owner identification” sign. Whether the furnishing and displaying of a sign of the latter type would amount to an indirect furnishing and displaying of the sign, as prohibited by the statute, need not be decided, since the question is not presented.
For the reasons stated, we agree with the court below that there has been no violation of Section 561.42(10), so the decree appealed from should be and it is hereby
Affirmed.
DREW, C. J., THOMAS, J., and PATTERSON, Associate Justice, concur.